UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMANDA GARCIA,

          JURY DEMANDED

      Plaintiff,     Amended Verified Complaint

  -against-        Case No.  15CV1496 (AT)(GWG)

CITY OF NEW YORK, DETECTIVE
EMILY RIVERA, POLICE OFFICER
JOHN DOE #1, POLICE OFFICER JOHN
DOE #2, POLICE OFFICER JOHN DOE # 3,
POLICE OFFICER JOHN DOE #4 and
POLICE OFFICER JOHN DOE #5,
the names of the Police Officers being fictitious
and presently unknown to plaintiffs, but intended
to represent the individual Police Officers and
Superior Police Officers involved as set forth
below,

      Defendants.
----------------------------------------------------------X

   Plaintiff, by their attorneys, Harry I. Katz, P.C., as and for their Verified Complaint,

respectfully allege as follows:

## PARTIES

   1.  Plaintiff was born on March 14, 1997 and is a resident of the State of New York.

   2.  Upon information and belief, at all times herein mentioned, defendant[1] City of New

York was a municipal corporate authority authorized, organized and existing under the laws of

the State of New York, in the City, County and State of New York.

---

[1]As used herein, the term "defendant" refers individually to each Police Officer defendant and
to the City of New York unless otherwise stated.

3. Upon information and belief, at all times herein mentioned, defendants Police Officers John Doe #1, John Doe #2, John Doe #3, John Doe #4, and John Doe #5  were employees of defendant City of New York, in the City, County and State of New York.

4. Upon information and belief, at all times herein mentioned, defendant Detective Emily Rivera was an employee of the defendant City of New York.

5. Upon information and belief, at all times herein mentioned, the defendant City of New York, operated and controlled a police department and employed servants, agents and employees.

JURISDICTION

6. The amount in controversy herein exceeds the amount of $75,000.00, exclusive of costs and interest.

7. This Court has jurisdiction in this matter as it relates to Federal Statutes including violation of plaintiff's civil rights.

VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(a)(2).

9. Upon information and belief, at all times herein mentioned, the defendant City of New York operated and controlled a police department and employed servants, agents and employees, including police officers and superior police officers.

10.  Upon information and belief, at all times herein mentioned, the defendant City of New York, operated and controlled a police department and employed servants, agents and employees, including Detective Emily Rivera,  Police Officer John Doe #1, Police Officer John Doe #2, Police Officer John Doe #3, Police Officer John Doe #4 and Police Officer John Doe #5, the names of the Police Officers being fictitious and presently unknown to plaintiff, but intended to represent the individual Police Officers involved as set forth herein.

11.  Upon information and belief, at all times herein mentioned, the Police defendants were employed as Police Officers by the City of New York.

12.  Upon information and belief, at all times herein mentioned, the Police defendants were acting within the scope of their employment with the City of New York.

13.  On November 19, 2014, a Notice of Claim was filed with the Comptroller of the City of New York on behalf of the plaintiff.

14.  The plaintiffs have duly complied with the pre-requisites for the commencement of an action of this kind by duly serving upon the Comptroller of the City of New York, a duly verified Notice of Claim and Intention to Sue, and that more than thirty (30) days have expired since service of same, and that the defendant has failed, refused and/or neglected to adjust the said claim, and the claim remains unadjusted, and unpaid, and that this action is being commenced within the time permitted by law.

15.  Ninety (90) days have elapsed since service of the Notice of Claim and the defendants have not requested a 50-H Hearing.

16. The defendants have waived a hearing pursuant to 50-h(2) of the General Municipal Law as no hearing has been requested of plaintiffs by the municipal corporate authorities within 90 days of the filing of the Notice of Claim.

AS AND FOR A FIRST CAUSE OF ACTION
FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT

17. Plaintiff repeats each allegation above as though fully set forth herein at length.

18. On January 21, 2014  the defendant arrested plaintiff.

19. On January 21, 2014 at a approximately 6:25 a.m., plaintiff was lawfully at the premises 3333 Broadway, Apartment E7E, in the City, County and State of New York.

20. On January 21, 2014 the defendant conducted a search of plaintiff's person.

21. Said search was unlawful.

22. On January 21, 2014 the defendant arrested the plaintiff (hereinafter "the arrest").

23. Said arrest was unlawful.

24. On January 21, 2014,  the defendant handcuffed the plaintiff.

25. On January 21, 2014, the defendant took the plaintiff to the 25th Police Precinct, in the County, City and State of New York.

4

26. On January 21, 2014, the defendant took the plaintiff in custody to a detention facility in the County of Bronx, City and State of New York.

27. One of the arresting officers was Detective Emily Rivera.

28. Pursuant to the arrest, plaintiff was charged with criminal possession of a controlled substance in the third degree.

29. Pursuant to the arrest, plaintiff was charged with criminally using drug paraphernalia in the second degree.

30. On January 21, 2014, plaintiff was fingerprinted.

31. On January 21, 2014, plaintiff was photographed.

32. On January 21, 2014, plaintiff was interrogated.

33. The aforementioned arrest and detention were without probable cause.

34. Plaintiff was charged with crimes.

35. On January 21, 2014, the defendant seized plaintiff.

36. On January 21, 2014, the defendant arrested the plaintiff without probable cause to believes she had committed any violation of the law.

5

37. On January 21, 2014, plaintiff was made to strip down to her bra and panties.

38. On January 21, 2014, plaintiff was made to strip down to her bra and panties and then searched.

39. Plaintiff did not contribute to the aforesaid occurrence by any act of provocation on her part.

40. Plaintiff did not contribute to the aforesaid occurrence by any wrongful act on her part.

41. Plaintiff did not contribute to the aforesaid occurrence by any act of negligence on her part.

42. Upon information and belief, at all times herein mentioned, the police officers were acting in the scope of their employment with the City of New York.

43. Upon information and belief, at all times herein mentioned, certain of the police officers involved in plaintiff's arrest were supervisors.

44. Upon information and belief, at the time of the aforementioned arrest, Detective Emily Rivera was a supervisor.

45. Upon information and belief, at all times herein mentioned, the police officers involved were acting in their official capacities as police officers for the defendant.

46. The defendant City of New York is responsible for the acts of its servants, agents and/or employees in the discharge of their duties.

47. The defendant City of New York is responsible for the acts of their police officers while they are acting within the scope of their employment as police officers.

48. The defendant City of New York is responsible for the acts of its servants, agents and/or employees in the commission of torts.

49. The defendant City of New York is responsible for the acts of its police officers in the commission of torts.

50. By reason of the foregoing, plaintiff suffered mental anguish, embarrassment, harassment, loss of reputation, both present and future, and future loss of earnings, all to her damage in the amount of Five Million ($5,000,000) Dollars; plaintiff further seeks punitive and exemplary damages and is entitled to punitive and exemplary damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION

51. Plaintiff repeats each allegation above as though fully set forth herein at length.

52. The defendant prosecuted the plaintiff.

53. The plaintiff was required to make Court appearances to defend against the aforementioned prosecution.

7

54.  By reason of the foregoing, plaintiff suffered mental anguish, embarrassment, harassment, loss of reputation, both present and future, and future loss of earnings, all to her damage in the amount of Five Million ($5,000,000) Dollars; plaintiff further seeks punitive and exemplary damages and is entitled to punitive and exemplary damages.

AS AND FOR A THIRD CAUSE OF ACTION
FOR  NEGLIGENCE

55.  Plaintiff repeats each allegation above as though fully set forth herein at length.

56.  Upon information and belief, at all times herein mentioned, Detective Emily Rivera and the Police Officers "John Does" were under the supervision of the defendant.

57.  Upon information and belief, at all times herein mentioned, Detective Emily Rivera and/or  Police Officers "John Does" were acting in their official capacity as police supervisors.

58.  Detective Emily Rivera failed to stop the acts of her subordinates.

59.  Police Officer "John Doe" was negligent in his supervision of the other police officers.

60.  Police Officer "John Doe" failed to stop the acts of their subordinates.

61.  Detective Emily Rivera was negligent in her supervision of the other police officers.

62. The foregoing was caused by the negligence of the defendants, their servants, agents and/or employees, in failing to supervise and/or adequately supervise; in failing to train and/or adequately train their police officers and superior police officers; in failing to promulgate and/or enforce reasonable rules and regulations dealing with use of force and/or dealings with civilians not involved in criminal activity in the place where a police operation is in progress; in failing to monitor and/or adequately monitor the activities of the police officers involved; in negligently hiring its personnel; in failing to take steps to avoid this occurrence; and were otherwise negligent.

63. By reason of the foregoing, plaintiff suffered psychological and emotional injury, all to her detriment in the amount of Five Million ($5,000,000.00) and is further entitled to punitive and exemplary damages.

AS AND FOR A FOURTH CAUSE OF ACTION
FOR VIOLATION OF FEDERALLY PROTECTED CIVIL RIGHTS
42 U.S.C. § 1983

64. Plaintiff repeats each allegation above as though fully set forth herein at length.

65. Plaintiff is a citizen of the United States.

66. Plaintiff was, at all times herein mentioned, within the jurisdiction of the United States.

67. Upon information and belief, the aforementioned conduct of the police officers was condoned by the City of New York.

68. Upon information and belief, the aforementioned conduct of the police officers was approved by the City of New York.

69. Upon information and belief, the aforementioned conduct of the police officers was in accordance with the custom and practice of the City of New York by its Police Department.

70. At all times herein mentioned, defendant acted under color of the laws of the State of New York.

71. At all times herein mentioned, defendant acted under color of the statutes, ordinances, regulations, customs and/or usages of the State of New York.

72. Plaintiff was thereby deprived of her rights under the United States Constitution.

73. Plaintiff was thereby deprived of her rights under the United States Constitution and laws.

74. Plaintiff was thereby deprived of her rights under the Fourth Amendment to the United States Constitution.

75. Plaintiff was thereby deprived of her rights under the Fifth Amendment to the United States Constitution.

76. Plaintiff was thereby deprived of her rights under the Fourteenth Amendment to the United States Constitution.

77.  Plaintiff was thereby deprived of her penumbral rights under the United States Constitution.

78.  Defendant thereby violated 42 U.S.C. § 1983.

79.  As a result of the foregoing, plaintiff was deprived of the rights, privileges and immunities secured by the Constitution and the laws of the United States, suffered physical and emotional injury, all to her damage in an amount which exceeds the jurisdictional limitations of all courts of inferior jurisdiction which would otherwise have jurisdiction hereof and punitive and exemplary damages and is further entitled to reasonable attorney's fees under 42 U.S.C. § 1988.

WHEREFORE, plaintiffs demands judgment in each of her causes of action in the amount of Five Million ($5,000,000) Dollars, together with attorney's fees in this action as provided by statute, and together with the costs and disbursements of this action.

Dated: Fresh Meadows, New York
       March 16, 2015

                                   Yours, etc.,

                                   HARRY I. KATZ PC
                                   By: Harry I. Katz (5814)
                                   Attorneys for Plaintiffs
                                   61-25 Utopia Parkway
                                   Fresh Meadows, NY   11365
                                   (718) 463-3700

STATE OF NEW YORK ... )
                      )s.s.:
COUNTY OF QUEENS      )

Amanda Garcia          being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

Amended Complaint

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief and as to those matters

deponent believes them to be true.

Amanda Garcia

Sworn to before me this 16
day of March , 20. 15

Notary Public

JOHN W. GRACI
NOTARY PUBLIC, State of New York
No. 8617550
Qualified in New York County
Commission Expires May 31, 20